1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

| | |
|---|---|
| OMAR WILEY, | CASE NO. C05-1948RSM |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |
| KYLE BURGESS, *et al.*, | |
| Defendants. | |

15

16

17

        This matter comes before the Court on defendants' Motions in Limine.  (Dkts. #103 and #104).  Plaintiff wholly opposes or conditionally opposes all of those motions.  (Dkts. #108 and #109).

18

19

        Having reviewed defendants' motions, plaintiff's responses, defendants' replies, and the remainder of the record, the Court hereby finds and ORDERS:

20

21

22

23

24

        (1)  Defendant's Motion in Limine Re: Dr. Piper's Testimony (Dkt. #103) is DENIED IN PART.  The Court finds that defendants' have not offered any persuasive legal authority to exclude Dr. August Piper's ("Dr. Piper") testimony in its entirety.  However, the Court agrees with defendants' alternative argument that Dr. Piper's testimony should be limited.  Specifically, this Court dismissed plaintiff's equal protection claim (Dkt. #81) and therefore Dr. Piper may

25

26

ORDER
PAGE – 1

1   not introduce testimony regarding the <u>defendants' racial biases</u>.  Plaintiff is hereby directed to

2   advise its witness of the ruling contained in the instant Order, and of their obligation to follow

3   this ruling.

4        (2)  The following motions from Defendants' Motions in Limine and Memorandum of

5   Support (Dkt. #104) are STRICKEN as premature: #1, #4, #5, #6, #7, #8, #10, #12, #13, #14,

6   #15, #16, #17, #19, #20, #21, and #22.  The Court reserves ruling on the issues presented in

7   these motions for resolution if and when they arise during trial.

8        (3)  The remainder of Defendants' Motions in Limine and Memorandum of Support (Dkt.

9   #104) are GRANTED IN PART and DENIED IN PART as follows:

10        a.  Plaintiffs do not oppose motions #2, #3, and #9.  Accordingly, these portions of

11   defendants' motions are GRANTED.

12        b.  <u>Defendants' Motion in Limine #11 pertaining to the officers pre-seizure</u>

13   <u>conduct</u>:  Defendants argue that pre-seizure mistakes are irrelevant to the issue of a Fourth

14   Amendment violation and should therefore be excluded.   However, it is well established that a

15   "free citizen's claim that law enforcement officials used excessive force in the course of making

16   an arrest, investigatory stop, or other 'seizure' of his person . . . is properly analyzed under the

17   Fourth Amendment's 'objective reasonableness' standard."  *Graham v. Connor*, 490 U.S. 386,

18   388, 109 S.Ct. 1865, 1867-1868 (1989).  Therefore the circumstances surrounding plaintiff's

19   arrest, including the events leading up to the excessive use of force by defendants, are relevant

20   to plaintiff's claim.  Defendants' reliance on *Billington v. Smith*, 292 F.3d 1177 (9th Cir. 2002),

21   is misguided.[1]   Nowhere in that case does the Court hold that pre-seizure conduct is irrelevant

22

23         [1] Defendants also incorrectly cite the quotations it relies on in its motion and its reply.

24   Defendants first indicate that the pinpoint cite for its quotation is found on page 1182 in *Billington*.  (Dkt. #105 at p. 7).  The same quote is pinpointed in defendants' reply as found on

25   page 1190.  (Dkt. #111 at pp. 3-4).  However, the quotation is found on page 1189.

1   to a Fourth Amendment violation.  The Court will not grant defendants' broad request to

2   exclude evidence surrounding the circumstances of plaintiff's seizure.  Accordingly, this motion

3   is DENIED.

4               c.  <u>Defendants' Motion in Limine #18 pertaining to department policy</u>:  Defendant

5   argues that any reference potentially made by plaintiff in regards to department policy is

6   irrelevant and inadmissible.  In addition, defendants rely on *Case v. Kitsap County Sherriff's*

7   *Dep't*, 249 F.3d 921 (9th Cir. 2001), to argue that "allegations of breach of regulation are

8   irrelevant to the question of a trooper's liability."  (Dkt. #104 at p. 11).  However, and as

9   plaintiff correctly points out, that case had nothing to do with the admissibility of evidence.  In

10  any event, failure to follow department policy is relevant to whether the defendants acted

11  reasonably under the Fourth Amendment's "objectively reasonable" standard.  Accordingly, this

12  motion is DENIED.

13         (4)  The Clerk is directed to send a copy of this Order to all counsel of record.

14         DATED this  1  day of October 2007.

15

16                                        RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26  ORDER
    PAGE – 3