1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

OMAR WILEY,

CASE NO. C05-1948RSM

10

Plaintiff,

11

v.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTIONS IN LIMINE

12

KYLE BURGESS, *et al.*,

13

Defendants.

14

15      This matter comes before the Court on plaintiff's Motions in Limine.  (Dkt. #102).

16  Defendants oppose this motion.  (Dkts. #110).

17      Having reviewed plaintiff's motion, defendants' response, plaintiff's reply, and the

18  remainder of the record, the Court hereby finds and ORDERS:

19      (1) Plaintiff's Motion in Limine to Exclude Evidence (Dkt. #102) is GRANTED IN PART

20  and DENIED IN PART as follows:

21          a. Exclusion of Plaintiff's Driving Record:  Plaintiff's motion is STRICKEN as

22  premature.  The Court reserves ruling on this evidence if and when it arises during trial.

23          b. Reference, Mention or Implication that a Judgment Would be Paid by or

24  Through Assets or Income of the Defendant Troopers Personally, or That They Lack Insurance

25

26  ORDER
PAGE – 1

1    or Indemnification:  Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

2    Plaintiff argues that evidence of defendants' financial condition is inadmissible to the issue of

3    liability.  It is well established that a "liable party's ability to pay should not influence the amount

4    of the assessment."  *U.S. v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1087 (1st Cir. 1994);

5    *see also Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2nd Cir. 1991) (finding that a defendant's

6    ability to pay is normally a class of evidence that is not admissible during the liability and

7    compensatory damages phase of a case).  Therefore the Court holds that defendants shall not

8    offer such evidence during the liability portion of the trial.  However, evidence of a defendant's

9    financial condition is relevant if a plaintiff makes a prima facie claim of punitive damages.  *See*

10   *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 439, 114 S.Ct. 2331, 2344 (1994).  Here,

11   plaintiff seeks punitive damages.  Therefore the Court agrees with defendants that if plaintiff

12   attempts to offer evidence of the defendants' ability to pay, defendants will be entitled to rebut.

13              c.  Defense Police Procedures Expert Robert M. Bragg, His Report and All

14   Documents Referenced in His Report:  Plaintiffs argue that Robert Bragg's testimony should be

15   excluded because he is only an instructor and has never been a patrol officer or made a traffic

16   stop.  However, Mr. Bragg has substantial experience as "Program Manager of Physical Fitness

17   and Defense Tactics Instructor" and has "personally trained thousands of line officers across all

18   areas of the criminal justice arena."  (Dkt. #30, Attachment 2).  Furthermore, defendants are

19   offering the testimony of Mr. Bragg to examine the defendants' conduct based on the training

20   they received.  Therefore Mr. Bragg's testimony is relevant to whether defendants acted

21   reasonably under the Fourth Amendment's "objectively reasonable" standard.  Accordingly,

22   plaintiff's motion is DENIED.

23              d.  Plaintiff's Prior Arrests and Irrelevant Convictions:  Plaintiff's motion is

24   STRICKEN as premature.  The Court reserves ruling on this evidence if and when it arises

25

26   ORDER
     PAGE – 2

1  during trial.

2          (2)  The Clerk is directed to send a copy of this Order to all counsel of record.

3          DATED this 1 day of October, 2007.

4

5                                                RICARDO S. MARTINEZ
                                                 UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    ORDER
26  PAGE – 3